UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL BAILEY | CIVIL ACTION |
| VERSUS | NO: 08-4685 |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC. | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court is defendant Northrop Grumman Ship Systems, Inc.'s **Motion to Dismiss and Compel Arbitration (Rec. Doc. 7)** and plaintiff's **Motion to Stay Proceedings Pending Arbitration (Rec. Doc. 11)**. This motion, which is opposed, is set for hearing on January 21, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied and plaintiff's motion should be granted.

**Background Facts**

The plaintiff filed this suit against Northrop Grumman Ship Systems, Inc. ("Northrop") claiming race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981. Plaintiff was hired by Northrop in 2003 to work in the shipyard in a non-represented position. He resigned from the defendant company on August 21, 2008. In the present suit the plaintiff seeks compensatory damages, including back pay, front pay, employee benefits, and emotional distress damages. As a Northrop employee the plaintiff was subject to an arbitration agreement. There is no dispute between the parties that at least some of the plaintiff's claims in this suit are subject to arbitration. The only dispute remaining between the parties is whether this case should be stayed pending the arbitration or should be dismissed with prejudice.

## The Parties' Arguments

Northrop first filed a motion seeking to compel arbitration and dismiss the case with prejudice. In response, the plaintiff filed a motion to stay the case pending arbitration. It is clear from the briefing that at this time there is no dispute that the arbitration agreement between the plaintiff and defendant requires at least some of the plaintiff's claims to go to arbitration. However, the parties dispute whether this Court should simply stay the case pending arbitration or dismiss the case out right. Northrop argues in both their initial motion and in opposition to the plaintiff's subsequent motion that because all of the plaintiff's claims must be submitted to binding

arbitration this case should be dismissed with prejudice. Northrop contends that under Fifth Circuit precedent a district court has discretion to dismiss a case with prejudice when all of a plaintiff's claims are subject to binding arbitration and that the terms of the Federal Arbitration Act ("FAA") do not prohibit such a dismissal.

The plaintiff, in opposition to the defendant's original motion and in support of his own motion to stay, argues that the FAA does not require a district court to dismiss a case when the claims are subject to arbitration, however the FAA does require that such a case be stayed on the request of a party. The plaintiff also asserts that dismissal of the case is not appropriate because his claims relating to the loss of employee benefits are not subject to binding arbitration under the arbitration agreement between the plaintiff and defendant. Additionally, the plaintiff contends that the various arbitration tribunals that might be used in this case allow for appellate and/or intermediary review by the district court while the arbitration proceedings are pending.

In response to the plaintiff's arguments in favor of a stay, Northrop argues that the plaintiff's cause of action in this case does not stem from the loss of employee benefits. Instead, the plaintiff claims lost employee benefits as damages resulting from the claimed discrimination and retaliation. Lost employee

3

benefits resulting from discrimination or retaliation do not create a non-arbitrable claim.  Finally, Northrop requests that if the Court decides to stay this case that it be made clear that any review of the arbitrator's decision is limited by the FAA.

## Discussion

The only issue before the Court is whether to stay or dismiss this case given the pending arbitration.  The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  The plaintiff argues that the plain language of the FAA requires that the Court stay this case pending arbitration since the plaintiff has requested a stay.  The defendant contends that pursuant to <u>Alford v. Dean Witter</u>

4

Reynolds, Inc., 975 F.2d 1161 (5th Cir. 1992), the FAA does not prevent a district court from dismissing a case with prejudice when all of a plaintiff's claims are arbitrable. In Alford, the Fifth Circuit concluded that "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." Id. at 1164 (citations omitted)(emphasis in original). In opposition to a dismissal, the plaintiff asserts that his claim regarding employee benefit damages is not arbitrable, preventing a dismissal. Further, the plaintiff contends that arbitration tribunals permit district court review during a pending arbitration such that this Court should stay proceedings in the event there is such an appeal. Additionally, the plaintiff argues that Alford is not applicable in this factual scenario because the plaintiff has in fact moved for a stay, a request not made by any party in Alford, and that such a request must be granted pursuant to Section 3 of the FAA. Northrop disputes all of these arguments.

The Fifth Circuit has made clear that Alford did not make it mandatory that a district court dismiss a case when all of a plaintiff's claims are arbitrable. See Apache Bohai Corp., LDC v. Texaco China, B.V., 330 F.3d 307, 311 fn. 9 (5th Cir. 2003). Instead, a district court has discretion to stay or dismiss such a case. Id. Here, given the dispute regarding whether all of

the plaintiff's claims are arbitrable and the fact that the plaintiff did request a stay, issues that would need to be resolved only if the Court were to dismiss this case, the prudent action is for the Court to exercise its discretion to simply stay this proceeding pending the arbitration.  Accordingly,

**IT IS ORDERED** that defendant Northrop Grumman Ship Systems, Inc.'s **Motion to Dismiss and Compel Arbitration (Rec. Doc. 7)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's **Motion to Stay Proceedings Pending Arbitration (Rec. Doc. 11)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, this 27th day of April, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE