UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LIONEL BAILEY                                CIVIL ACTION

VERSUS                                       NO: 08-4685

NORTHROP GRUMMAN SHIP                        SECTION: "J" (5)
SYSTEMS, INC.

                          **ORDER AND REASONS**

   Before the Court is Plaintiff Lionel Bailey's **Motion to Vacate Arbitration Decision (Rec. Doc. 28)** and Defendant Northrop Grumman Ship Systems, Inc.'s **Response (Rec. Doc. 30)**. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

   Plaintiff filed this suit against Northrop Grumman Ship Systems, Inc. claiming race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., 42 U.S.C. § 1981, as well as La.R.S. 23:332 et seq. Plaintiff was hired by Northrop in 2003 to work in the

                                    1

shipyard. He resigned from the defendant company on August 21, 2008. In the present suit Plaintiff sought compensatory damages, including back pay, front pay, employee benefits, and emotional distress damages. As a Northrop employee, Plaintiff was subject to an arbitration agreement. The Court stayed the proceedings pending arbitration, retaining jurisdiction over the matter (Rec. Doc. 26). On September 24, 2010, the arbitrator dismissed all of Plaintiff's claims. Plaintiff now seeks to vacate the arbitration decision.

**THE PARTIES' ARGUMENTS:**

Plaintiff concedes that a district court's review of an arbitration award is usually extraordinarily narrow. He does not argue that any of the FAA grounds for vacatur apply to the instant matter, arguing instead that one of the nonstatutory grounds recognized by the Fifth Circuit serves as a basis for this Court's review. Specifically, Plaintiff argues that the arbitrator's decision manifestly disregarded the law by failing to properly apply it to the evidence, which it also disregarded to Plaintiff's detriment. Plaintiff argues that he satisfied the legal requirements of showing the existence of racial animus and discriminatory treatment. He further asserts that he carried his legal burden of proving that the termination decision would not have occurred in the absence of the EEOC complaints.

Defendant argues that in 2009, the Fifth Circuit held that

"to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA." Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 355 (5th Cir. 2009). Further, Defendant contends that even if nonstatutory grounds were still viable, Plaintiff's motion should still be dismissed because Plaintiff has not demonstrated that the arbitrator ignored any relevant legal authority. In Defendant's view, Plaintiff wants this Court to apply summary judgment standard to this motion to vacate: Plaintiff recites only the facts as he perceives them and asks that any inferences only be drawn in his favor.

**DISCUSSION:**

In 2009, the Fifth Circuit unequivocally held that, "to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA." Id. at 355. The Fifth Circuit continued:

> In the light of the Supreme Court's clear language [in Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008)] that, under the FAA, the statutory provisions are the exclusive grounds for vacatur, manifest disregard of the law as an independent, nonstatutory ground for setting aside an award must be abandoned and rejected. Indeed, the term itself, as a

3

> term of legal art, is no longer useful in actions to
> vacate arbitration awards. Hall Street made it plain
> that the statutory language means what it says: "courts
> *must* [confirm the award] unless the award is vacated,
> modified, or corrected as prescribed in sections 10 and
> 11 of this title,"9 U.S.C. § 9 (emphasis added), and
> there's nothing malleable about "must" . . . . Thus
> from this point forward, arbitration awards under the
> FAA may be vacated only for reasons provided in § 10.
> To the extent that our previous precedent holds that
> nonstatutory grounds may support the vacatur of an
> arbitration award, it is hereby overruled.

Id. at 358. Thus, statutory grounds are the exclusive grounds for vacatur of the decision of an arbitrator. However, the Fifth Circuit in Citigroup Global Markets, Inc. noted that the description of manifest disregard is "very narrow." Id. at 357. "Because the arbitrator is fully aware of the controlling principle of law and yet does not apply it, he flouts the law in such a manner as to exceed the powers bestowed upon him." Id. Establishing that the arbitrator exceeded his power provides a valid ground for vacatur under 9 U.S.C. § 10.

   Plaintiff does not argue that the arbitrator exceeded his power in this case. Even if Plaintiff made such an argument, it

would not stand. In his six-page Reasons for Decision, arbitrator William R. Pitts carefully reviewed the evidence, applied the law to the facts, and concluded that Plaintiff did not meet his burden, ruling for Defendant on all counts. Plaintiff clearly disagrees with the arbitrator's decision. However, absent a showing of applicability of one of the statutory grounds for vacatur, this Court will not disturb the arbitration decision.\

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Vacate (Rec. Doc. 28)** is **DENIED**.

New Orleans, Louisiana, this 1st day of February, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE